## CIRCUIT COURT OF HENRICO COUNTY

Auto-Owners Insurance Co.

v.

James H. Morris

November 10, 2010

Case No. CL10-2185

By Judge Gary A. Hicks

This matter came before the Court September 24, 2010, for a hearing on the parties' cross-motions for summary judgment. The Court, having considered the file record, the arguments of counsel, and their respective legal memoranda, rules as follows.

### Background

On November 27, 2008, James Morris, while driving, was struck by another vehicle that failed to yield the right of way. As a result of that accident, Mr. Morris was injured. Mr. Morris was insured by Auto-Owners Insurance Company (hereinafter Auto-Owners) and held two policies. The first policy is a primary automobile insurance policy that also provides uninsured and underinsured coverage, policy number 46-377-636-00. The second policy is an umbrella liability policy, policy number 46-375-404-01.

Auto-Owners brought a declaratory judgment action in this Court seeking a declaration that it has no duty to provide underinsured motorist (hereinafter UIM) coverage for Mr. Morris under the terms of the umbrella policy. The parties do not contest that the primary policy provides Mr. Morris with UIM coverage and that Mr. Morris' injuries sustained in the accident are covered under that policy.

The dispute between the parties centers on the interpretation of an endorsement attached to the umbrella policy. That endorsement is as follows:

> *EXCLUSION OF PERSONAL INJURY TO INSUREDS FOLLOWING FORM*
> We do not cover personal injury to you or a relative. We will cover such injury to the extent that insurance is provided by an underlying policy listed in Schedule A.

The fact that the primary policy is listed in Schedule A is not in dispute.

When interpreting insurance policies, the Court examines those policies like it does all other contracts and determines the intent of the parties by the words they use in the document. *Virginia Farm Bureau Mutual Ins. Co. v. Williams*, 278 Va. 75, 80, 677 S.E.2d 299 (2009). "Provisions of an insurance policy must be considered and construed together, and any internal conflicts between provisions must be harmonized if reasonably possible to effectuate the parties' intent." *Id.* As with all contracts, the words used in an insurance policy are given their plain meaning as written. *Id.* at 81, *Hill v. State Farm Mutual Auto. Ins. Co.*, 237 Va. 148, 152, 375 S.E.2d 727 (1989). However, if the policy language is ambiguous, that language must be construed "in favor of coverage and against the insurer." *Williams*, 278 Va. at 81; *Hill*, 237 Va. at 153; *GEICO v. Moore*, 266 Va. 155, 165, 580 S.E.2d 823 (2003). "A term is ambiguous when it is susceptible to two or more meanings." *Hill*, 237 Va. at 153.

It is apparent, in reading its terms, that the umbrella policy is intended to provide third-party liability coverage. The policy provides Auto-Owners will pay on behalf of the insured when "the insured becomes legally obligated to pay as damages because of personal injury or property damage". (Umbrella Policy p. 3.) A plain reading of the umbrella policy, without consideration of the endorsement, also shows that no UIM coverage is provided to Mr. Morris under that policy. This is the basis of Auto-Owners' argument against coverage.

## Interpretation of the Endorsement

To determine whether the umbrella policy provides UIM coverage to Mr. Morris, the Court must determine what effect the endorsement has on that policy. The endorsement by Auto-Owners is entitled "exclusion of personal injury to insureds." This title suggests, as Auto-Owners argues, that the endorsement is an exclusion and, as such, cannot provide additional coverage under the body of the policy. However, when read in context with the body of the endorsement that provision is not an exclusion but is instead an endorsement, which is capable of providing additional coverage

under the policy. In fact, the UM/UIM coverage under the primary policy is provided in an endorsement.

Moreover, to the extent that the title of the endorsement is ambiguous when read in context with the entire provision, it must be read against Auto-Owners, the drafter of the policy, and in favor of coverage. The title alone cannot bar coverage that the endorsement would otherwise provide.

A further reading of the endorsement reveals that it is a following form endorsement. A following form endorsement provides coverage identical to that provided by an underlying policy. As mentioned above, it is undisputed that the primary policy with UIM coverage is an underlying policy.

In moving to the body of the endorsement, the first sentence is an exclusion and, if read alone, would exclude coverage of any personal injury of the insured or a relative that is provided under the following form nature of the endorsement. However, the second sentence is an exception and revives coverage of "such injury" (i.e. personal injury to you or a relative) so long as it is provided by an underlying policy, which in this case it is.

Auto-Owners argues that the language of the endorsement should be interpreted to provide that, if UIM coverage is provided, it is only to the extent that an insured is obligated to pay another insured for personal injury. That type of obligation may be what the umbrella policy provides as a third-party liability policy, but the endorsement does not limit the coverage provided in an underlying policy to that situation. Instead, when looking at the plain meaning of the endorsement and interpreting any ambiguities in favor of coverage, if coverage is provided for personal injury to the insured or a relative in a policy listed in Schedule A, the umbrella policy will provide that same coverage. Auto-Owners, as the drafter of the policy, failed to meet its burden to make the terms of the policy clear and unambiguous when denying coverage.

As Auto-Owners points out in its memorandum, it is the insured's burden to prove that the claim falls within the terms of the policy. *Furrow v. State Farm Mutual Auto. Ins. Co.*, 237 Va. 77, 80, 375 S.E.2d 738 (1989); *Maryland Casualty Co. v. Cole*, 156 Va. 707, 716, 158 S.E. 873 (1931). Mr. Morris has met that burden through the parties' joint admission that his injuries are covered by the underlying policy.

After analyzing the umbrella policy, the Court hereby finds that Mr. Morris is entitled to UIM coverage under the terms of the umbrella policy for his injuries sustained in the November 27, 2008, accident. The extent of that coverage is not before the Court at this time.